**Buckley v. Feil**

C.P. of Lawrence County, no. 10797 of 2004, C.A.

*Norman Barilla*, for plaintiff.
*Susan M. Papa*, for defendant.

FOX, *J.*, December 14, 2010—This case was before the court for a custody trial on April 21, 2010, April 22,

2010 and November 16, 2010. The parties in this case have three minor children, Kylie Marie Buckley, born September 17, 1999, Natalie Ann Buckley, born January 23, 2001, and Kenneth Andrew Buckley, born March 28, 2002. An initial complaint for custody was filed by the plaintiff/natural father, Kenneth A. Buckley, on June 22, 2004. In his complaint, natural father alleged that natural mother is inattentive to the needs of the children and that he, natural father, could provide a more loving and stable environment for the party's minor children.

A custody conciliation conference was immediately scheduled. Shortly thereafter, however, the conference was continued generally by the court at the request of the parties, as they had reached an amicable agreement regarding the best interests of their children. Two years later, in October of 2006 natural father again filed a complaint for custody alleging the same. A custody conciliation conference was held, whereby the court granted the parties shared legal custody and shared primary custody of their minor children in an order of court dated December 29, 2006. The parties were directed to exercise physical custody of the minor children on an alternating weekly basis, with exchanges taking place every Sunday evening. The parties were also afforded the leniency to modify the terms of the December 29, 2006 order as they could mutually agree when doing so served the best interest of the children.

The parties proceeded under the direction of the December 29, 2006 order until November 17, 2007, when natural mother filed a complaint for custody. The court ordered an updated custody evaluation of the parties and directed each party to contract Dr. Kirk Lunnen, of people

in need, so that said evaluation could be completed. Each party completed the custody evaluation, and this case was scheduled for a custody trial on November 12, 2008. The court continued the custody trial multiple times at various requests from each of the parties. Consequently, the custody trial did not end up being until April of 2010 and was later completed in November of 2010. In the interim, the court additionally modified the December 29, 2006 order to allow natural mother to transport the children to school each day and allow her to have custody of the minor children after school until 4:00 p.m.

Extensive testimony and evidence was presented by both parties throughout the course of the custody trial, and the court having fully considered the testimony and evidences and conducted an extensive review of the applicable record in this case must now make a determination regarding the most appropriate custody arrangement for the party's three minor children.

In any custody proceeding, the court's primary interest is determining the best interest of the child. *Arnold v. Arnold*, 847 A.2d 674, 677 (Pa. Super. 2004). A best interest analysis is based upon a consideration of all factors legitimately affecting the child's physical, intellectual, moral and spiritual wellbeing. *Arnold v. Arnold*, 847 A.2d 674, 677 (Pa. Super. 2004). Such consideration must be made on a case by case basis. *Moore v. Moore,* 535 Pa. 18, 634 A.2d 163 (Pa. 1993). The court further considers each parent's ability to care for the needs of the minor child. A parent's ability to care for a child must be determined at the time of the custody hearing, and not as of an earlier time. *Wiseman v. Walls*, 718 A.2d 844 (Pa.

Super. 1998).

The court finds that each party is a loving, capable, and suitable parental figure in the children's lives. Throughout the six years that these parties have engaged in litigation regarding the custody of their children, the children have developed well and are progressing in their academics to the court's satisfaction. Each parent has an appropriate household the children can live, and the children seem to be comfortable and happy in both environments.

During the custody hearings, natural father went to great length to direct the court's attention to the fact that natural mother attempted suicide in November of 2006. However, the court is persuaded that natural mother has put these actions in her past and has redirected her focus towards a healthier lifestyle for herself and towards caring and providing for her children. Additionally, the court is reassured by the fact that natural mother's parents continue to play such a supportive role in her life, as they live next door to natural mother's residence and enjoy seeing their grandchildren on almost a daily basis. The court believes that natural mother's extended family also provides a great deal of love and care for the minor children, and that a continued relationship between the minor children and the material grandparents is necessary.

Furthermore, the court finds that natural mother and natural father for the most part have maintained a suitable and appropriate relationship since being separated. They are able to communicate with each other in an adult manner when the children are involved, and have consistently resolved any disputes between themselves with little

involvement from the courts prior to this hearing taking place. Additionally, the court is encouraged by the fact that natural mother cares for the children after school until natural father is done working and that the parties, for the most part, have been able to modify existing orders of court to accommodate their own circumstances to that their children can be properly cared for and looked after.

For all the reasons set forth above, the court determines that the best interests of the children will be served by continuing forward with the existing custody arrangements. The children have been doing well and the court is not convinced that modifying custody the existing arrangements will be in the children's best interests at this time. Accordingly, the court will enter the attached order, consistent with this opinion.

## ORDER OF COURT

And now, December 21, 2010, this case being before the court for a custody trial, with the plaintiff, Kenneth A. Buckley appearing and being represented by his attorney, Norman J. Barilla, Esquire, and with the defendant, Mindy L. Fell, appearing and being represented by her attorney, Susan M. Papa, Esquire, it is hereby ordered and decreed as follows:

1. The parties shall share primary physical custody of the minor children, Kylie Marie Buckley, born September 17, 1999, Natalie Ann Buckley, born January 23, 2001, and Kenneth Andrew Buckley, born March 28, 2002. Each parent shall continue to enjoy custody of the minor children on alternating weeks with exchanges taking place on Sunday evenings at a

mutually agreed upon time.

2. During the weeks when natural father enjoys physical custody, the paternal grandmother shall be responsible for transporting the minor children to school. The children are additionally permitted to ride the school bus to natural mother's house after school, where natural mother will be responsible for assuring that a responsible adult is present when they exit the school bus. Natural mother is also responsible for transporting the minor children to natural father's house no later then 4:00 p.m., so that natural father can resume exercising his period of custody.

3. The children shall remain in the New Castle Area School District.

4. The natural mother and natural father shall have shared legal custody of their minor children and execute any and all necessary documents or releases necessary to effectuate legal custody, including, but not limited to, authorizations and/or releases for school reports, medical reports, insurance documents, and documents required by state, local or federal authorities. Except in the case of medical emergencies, the custodial parent will consult with the non-custodial parent with regard to the medical, dental and psychiatric care and treatment of the children. Both parties shall have the right to review the medical, dental and psychiatric records of the child, the result of psychological tests and the school records of the child. Also the custodial parent is responsible for the academic performance of the children and the children's participation in normal

extracurricular activities.

5. The parties are extended the privilege by the court, upon their mutual agreement, to modify the terms of the above stated custody provisions from time to time as they shall agree are in the best interest of the children.

6. In any transporting of the minor child, all parties and anyone involved with such transportation shall comply with the laws and regulations of the Commonwealth of Pennsylvania including those regarding child safety restraint apparatus in any vehicle used to transport the child.

7. The parties are directed to fully cooperate with each other in fulfilling the requirements of this order and all other orders in connection with this matter. Failure to do so may result in sanctions being imposed by the court upon the offending party including suspension of custody and payment of attorney's fees.

8. No party shall remove the minor child from the jurisdiction of this court with the intent of changing the physical residence of the minor child without written consent of the other party or the court.

9. The parties shall read and fully comply with the provisions of the appendix to custody order which is attached hereto and filed with this order.

10. The prothonotary shall properly serve notice of this order and attached opinion by regular mail or personal service upon counsel of record for the parties.